**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**
www.okwd.uscourts.gov

**JOAN KANE**
CLERK
**SHANNON M. SHOULDERS**
CHIEF DEPUTY

200 N.W. 4th Street, Room 1210
Oklahoma City, Oklahoma 73102
(405) 609-5000 Fax (405) 609-5099

10/28/2026

☐ Pro Se ☑ Retained ☐ Court Appointed (IFP Granted) ☐ USA

Case No: 5:24-CV-00495-PRW Date Filed: 10/23/2026
Style of Case: Johnson et al v. The University of Oklahoma et al
Appellant: All Defendants

☑ Notice of Appeal
☐ Interlocutory Appeal
☐ Amended Notice of Appeal
☐ Cross Appeal
☐ Tenth Cir. Case No.

Pro se Appellant:
☐ Motion IFP Forms Mailed/Given ☐ Motion IFP Filed ☐ Appeal Fee Paid

Retained Counsel:
☑ Appeal Fee Paid ☐ Appeal Fee Not Paid

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals. Please refer to the forms and procedures concerning the requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record found on the Tenth Circuit's website, www.ca10.uscourts.gov.

Payment for this case or motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 working days after the notice of appeal was filed in the Circuit Court. This form must contain the signature of the court reporter if transcripts are being ordered.

If you have questions, please contact this office.

Sincerely,

JOAN KANE, COURT CLERK

by: s/ L.Ransom
Case Administrator

cc: Clerk of the Court, Tenth Circuit Court of Appeals

APPEAL,MITCHELL,_WYRICK−LC1
Email All Attys
Email All Attys and Secondary Emails

# U.S. District Court
# Western District of Oklahoma[LIVE] (Oklahoma City)
# CIVIL DOCKET FOR CASE #: 5:24−cv−00495−PRW

Johnson et al v. The University of Oklahoma et al
Assigned to: Judge Patrick R Wyrick
Cause: 42:2000 Job Discrimination (Race)

Date Filed: 05/15/2024
Jury Demand: Defendant
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Brayden Johnson**
*Individually*

represented by

**Ryan A Haynie**
Oklahoma Council of Public Affairs
OK
1401 N. Lincoln Blvd.
Oklahoma City, OK 73104
405−590−6070
Email: ryan@ocpathink.org
Email: ryan@ocpathink.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
202−220−9600
Email: dthompson@cooperkirk.com
Email: dthompson@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Kate Hardiman**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue NW
Washington, DC 20036
202−220−9600
Email: khrhodes@cooperkirk.com
Email: khrhodes@cooperkirk.com
*TERMINATED: 07/19/2024*

**Peter A. Patterson**
Cooper & Kirk, PLLC
1523 New Hampshire Avenue, N.W.
Washington, DC 20036
202−220−9600
Email: ppatterson@cooperkirk.com
Email: ppatterson@cooperkirk.com
*ATTORNEY TO BE NOTICED*

**Samuel Dawson Adkisson**
Cooper & Kirk PLLC
1523 New Hampshire Ave NW
Washington, DC 20036
202−220−9602
Email: sadkisson@cooperkirk.com
Email: sadkisson@cooperkirk.com
*TERMINATED: 02/14/2025*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Brayden Johnson**
*On behalf of all others similarly situated,*

represented by **Ryan A Haynie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Hardiman**
(See above for address)
*TERMINATED: 07/19/2024*

**Peter A. Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Dawson Adkisson**
(See above for address)
*TERMINATED: 02/14/2025*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Logan Rhines**
*Individually*

represented by **Ryan A Haynie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Hardiman**
(See above for address)
*TERMINATED: 07/19/2024*

**Peter A. Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Dawson Adkisson**
(See above for address)
*TERMINATED: 02/14/2025*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Logan Rhines**
*On behalf of all others similarly situated*

represented by **Ryan A Haynie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Hardiman**
(See above for address)
*TERMINATED: 07/19/2024*

**Peter A. Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Dawson Adkisson**
(See above for address)
*TERMINATED: 02/14/2025*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kayla Savage**
*Individually*

represented by **Ryan A Haynie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Hardiman**
(See above for address)
*TERMINATED: 07/19/2024*

**Peter A. Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Dawson Adkisson**
(See above for address)
*TERMINATED: 02/14/2025*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kayla Savage**
*On behalf of all others similarly situated*

represented by

**Ryan A Haynie**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David H. Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kate Hardiman**
(See above for address)
*TERMINATED: 07/19/2024*

**Peter A. Patterson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Dawson Adkisson**
(See above for address)
*TERMINATED: 02/14/2025*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**The University of Oklahoma**

represented by

**Armand Paliotta**
University of Oklahoma Office of Legal Counsel
660 Parrington Oval
Suite 213
Norman, OK 73019
405−325−4124
Email: apaliotta@ou.edu
Email: apaliotta@ou.edu
*ATTORNEY TO BE NOTICED*

**Daniel Solomon**
Husch Blackwell LLP
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006−3606
202−378−2300
Email: danny.solomon@huschblackwell.com
Email:
danny.solomon@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Derek Todd Teeter**
Husch Blackwell LLP

4801 Main Street
Suite 1000
Kansas City, MO 64112
816−214−3616
Fax: 816−983−8080
Email: derek.teeter@huschblackwell.com
Email: derek.teeter@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Hayley Elizabeth Hanson**
Husch Blackwell LLP
4801 Main Street
Suite 1000
Kansas City, MO 64112
816−983−8377
Fax: 816−983−8080
Email: hayley.hanson@huschblackwell.com
Email:
hayley.hanson@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Michael Burrage**
Whitten Burrage
512 N Broadway Ave
Suite 300
Oklahoma City, OK 73102
405−516−7800
Fax: 405−516−7859
Email: mburrage@whittenburragelaw.com
Email: mburrage@whittenburragelaw.com
*ATTORNEY TO BE NOTICED*

**Michael Thomas Raupp**
Husch Blackwell LLP
4801 Main Street
Suite 1000
Kansas City, MO 64112
816−983−8324
Email: michael.raupp@huschblackwell.com
Email:
michael.raupp@huschblackwell.com
*ATTORNEY TO BE NOTICED*

**Patricia A Sawyer**
Whitten Burrage
512 N Broadway Ave
Suite 300
Oklahoma City, OK 73102
405−516−7800
Email: psawyer@whittenburragelaw.com
Email: psawyer@whittenburragelaw.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Joseph Harroz , Jr.**
*President*

represented by **Armand Paliotta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Derek Todd Teeter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayley Elizabeth Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Burrage**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Thomas Raupp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patricia A Sawyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Jeff Blahnik**
*Vice President for Division of Enrollment Management & Chief Enrollment Officer*

represented by **Armand Paliotta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Derek Todd Teeter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayley Elizabeth Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Burrage**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Thomas Raupp**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Patricia A Sawyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Courtney Henderson**
*Executive Director of Financial Aid Services*

represented by **Armand Paliotta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Derek Todd Teeter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayley Elizabeth Hanson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Burrage**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Thomas Raupp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patricia A Sawyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dorion Billups**
*Director of Connection and Student Engagement*

represented by **Armand Paliotta**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Solomon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Derek Todd Teeter**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayley Elizabeth Hanson**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Michael Burrage**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Thomas Raupp**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Patricia A Sawyer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**American Civil Liberties Union of Oklahoma Foundation**
PO Box 13327
Oklahoma City, OK 73113
United Sta

represented by **Adam Hines**
ACLU of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113
580−786−8773
Email: ahines@acluok.org
Email: ahines@acluok.org
*ATTORNEY TO BE NOTICED*

**Megan E Lambert**
ACLU of Oklahoma Foundation
PO Box 13327
Oklahoma City, OK 73113
405−525−3831
Email: mlambert@acluok.org
Email: mlambert@acluok.org
*ATTORNEY TO BE NOTICED*

**Amicus**

**Lawyers Committee for Civil Rights**
1500 K Street NW, Suite 900
Washington, DC 20005

represented by **Adam Hines**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Megan E Lambert**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/15/2024 | 1 | COMPLAINT against Dorion Billups, Jeff Blahnik, Joseph Harroz, Jr, Courtney Henderson, The University of Oklahoma filed by Kayla Savage(On behalf of all others similarly situated), Brayden Johnson(On behalf of all others similarly situated,), Logan Rhines(On behalf of all others similarly situated), Kayla Savage(Individually), Brayden Johnson(Individually ), Logan Rhines(Individually). (Attachments: # 1 Civil Cover Sheet)(kb) (Entered: 05/15/2024) |

| | | |
|---|---|---|
| 05/15/2024 | 2 | Summons Issued Electronically as to Dorion Billups, Jeff Blahnik, Joseph Harroz, Jr, Courtney Henderson, The University of Oklahoma. (kb) (Entered: 05/15/2024) |
| 05/15/2024 | | PAYMENT FOR A CIVIL CASE Filing fee $ 405, receipt number AOKWDC−4433690. (Haynie, Ryan) (Entered: 05/15/2024) |
| 05/15/2024 | 3 | ENTRY of Appearance by Ryan A Haynie on behalf of All Plaintiffs (Haynie, Ryan) (Entered: 05/15/2024) |
| 05/15/2024 | 4 | MOTION for Leave to Appear Pro Hac Vice *David H. Thompson* Filing fee $ 100, receipt number AOKWDC−4433876 by All Plaintiffs. (Attachments: # 1 Attachment Request for Admission PHV)(Haynie, Ryan) (Entered: 05/15/2024) |
| 05/15/2024 | 5 | MOTION for Leave to Appear Pro Hac Vice *Kate Hardiman* Filing fee $ 100, receipt number AOKWDC−4433894 by All Plaintiffs. (Attachments: # 1 Attachment Request for Admission PHV)(Haynie, Ryan) (Entered: 05/15/2024) |
| 05/15/2024 | 6 | MOTION for Leave to Appear Pro Hac Vice *Samuel D. Adkisson* Filing fee $ 100, receipt number AOKWDC−4433897 by All Plaintiffs. (Attachments: # 1 Attachment Request for Admission PHV)(Haynie, Ryan) (Entered: 05/15/2024) |
| 05/15/2024 | 7 | MOTION for Leave to Appear Pro Hac Vice *Peter A. Patterson* Filing fee $ 100, receipt number AOKWDC−4433899 by All Plaintiffs. (Attachments: # 1 Attachment Request for Admission PHV)(Haynie, Ryan) (Entered: 05/15/2024) |
| 05/16/2024 | 8 | ORDER granting 4 Motion to Appear Pro Hac Vice; David H. Thompson is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Plaintiffs, provided Mr. Thompson becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 5/16/2024. (ks) (Entered: 05/16/2024) |
| 05/16/2024 | 9 | ORDER granting 5 Motion to Appear Pro Hac Vice; Kate Hardiman is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Plaintiffs, provided Ms. Hardiman becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 5/16/2024. (ks) (Entered: 05/16/2024) |
| 05/16/2024 | 10 | ORDER granting 6 Motion to Appear Pro Hac Vice; Samuel D. Adkisson is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Plaintiffs, provided Mr. Adkisson becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 5/16/2024. (ks) (Entered: 05/16/2024) |
| 05/16/2024 | 11 | ORDER granting 7 Motion to Appear Pro Hac Vice; Peter A. Patterson is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Plaintiffs, provided Mr. Patterson becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 5/16/2024. (ks) (Entered: 05/16/2024) |
| 05/16/2024 | 12 | WAIVER OF SERVICE Returned Executed by Defendants Dorion Billups, Jeff Blahnik, Joseph Harroz, Jr, Courtney Henderson, The University of Oklahoma. Dorion Billups waiver sent on 5/16/2024, answer due 7/15/2024; Jeff Blahnik waiver sent on 5/16/2024, answer due 7/15/2024; Joseph Harroz, Jr waiver sent on 5/16/2024, answer due 7/15/2024; Courtney Henderson waiver sent on 5/16/2024, answer due 7/15/2024; The University of Oklahoma waiver sent on 5/16/2024, answer due 7/15/2024. (Haynie, Ryan) (Entered: 05/16/2024) |

| | | |
|---|---|---|
| 05/17/2024 | 13 | ENTRY of Appearance by David H. Thompson on behalf of All Plaintiffs (Thompson, David) (Entered: 05/17/2024) |
| 05/17/2024 | 14 | ENTRY of Appearance by Peter A. Patterson on behalf of All Plaintiffs (Patterson, Peter) (Entered: 05/17/2024) |
| 05/17/2024 | 15 | ENTRY of Appearance by Samuel Dawson Adkisson on behalf of All Plaintiffs (Adkisson, Samuel) (Entered: 05/17/2024) |
| 05/17/2024 | 16 | ENTRY of Appearance by Kate Hardiman on behalf of All Plaintiffs (Hardiman, Kate) (Entered: 05/17/2024) |
| 07/15/2024 | 17 | ENTRY of Appearance by Michael Burrage on behalf of All Defendants (Burrage, Michael) (Entered: 07/15/2024) |
| 07/15/2024 | 18 | ENTRY of Appearance by Patricia A Sawyer on behalf of All Defendants (Sawyer, Patricia) (Entered: 07/15/2024) |
| 07/15/2024 | 19 | MOTION to Dismiss by All Defendants. (Burrage, Michael) (Entered: 07/15/2024) |
| 07/15/2024 | 20 | BRIEF IN SUPPORT re 19 MOTION to Dismiss by All Defendants. (Burrage, Michael) (Entered: 07/15/2024) |
| 07/15/2024 | 21 | AMENDED MOTION to Dismiss by All Defendants. (Burrage, Michael) (Entered: 07/15/2024) |
| 07/15/2024 | 22 | ENTRY of Appearance by Armand Paliotta on behalf of All Defendants (Paliotta, Armand) (Entered: 07/15/2024) |
| 07/16/2024 | 23 | MOTION for Leave to Appear Pro Hac Vice *for Derek T. Teeter* Filing fee $ 100, receipt number AOKWDC−4475469 by All Defendants. (Attachments: # 1 Exhibit Ex. 1)(Burrage, Michael) (Entered: 07/16/2024) |
| 07/16/2024 | 24 | MOTION for Leave to Appear Pro Hac Vice *Daniel G. Solomom* Filing fee $ 100, receipt number AOKWDC−4475485 by All Defendants. (Attachments: # 1 Exhibit Ex. 1)(Burrage, Michael) (Entered: 07/16/2024) |
| 07/16/2024 | 25 | MOTION for Leave to Appear Pro Hac Vice *Michael T. Raupp* Filing fee $ 100, receipt number AOKWDC−4475523 by All Defendants. (Attachments: # 1 Exhibit Ex. 1)(Burrage, Michael) (Entered: 07/16/2024) |
| 07/16/2024 | 26 | MOTION for Leave to Appear Pro Hac Vice *Hayley Hanson* Filing fee $ 100, receipt number AOKWDC−4475542 by All Defendants. (Attachments: # 1 Ex. 1)(Burrage, Michael) (Entered: 07/16/2024) |
| 07/17/2024 | 27 | ORDER granting 23 defendants' Motion for Admission Pro Hac Vice; Derek T. Teeter is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Defendants, provided Mr. Teeter becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 7/17/2024. (ks) (Entered: 07/17/2024) |
| 07/17/2024 | 28 | ORDER granting 24 defendant's Motion for Admission Pro Hac Vice; Daniel G. Solomon is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Defendants, provided Mr. Solomon becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on |

| | | |
|---|---|---|
| | | 7/17/2024. (ks) (Entered: 07/17/2024) |
| 07/17/2024 | 29 | ORDER granting 25 defendants' Motion for Admission Pro Hac Vice; Michael T. Raupp is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Defendants, provided Mr. Raupp becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 7/17/2024. (ks) (Entered: 07/17/2024) |
| 07/17/2024 | 30 | ORDER granting 26 defendants' Motion for Admission Pro Hac Vice; Hayley Hanson is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Defendants, provided Ms. Hanson becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 7/17/2024. (ks) (Entered: 07/17/2024) |
| 07/19/2024 | 31 | MOTION to Withdraw as Attorney by All Plaintiffs. (Hardiman, Kate) (Entered: 07/19/2024) |
| 07/19/2024 | 32 | ORDER granting 31 Plaintiffs' Motion to Withdraw as Attorney. Attorney Kate Hardiman terminated. Signed by Judge Patrick R Wyrick on 7/19/2024. (ks) (Entered: 07/19/2024) |
| 07/22/2024 | 33 | ENTRY of Appearance by Derek Todd Teeter on behalf of All Defendants (Teeter, Derek) (Entered: 07/22/2024) |
| 07/22/2024 | 34 | ENTRY of Appearance by Hayley Elizabeth Hanson on behalf of All Defendants (Hanson, Hayley) (Entered: 07/22/2024) |
| 07/22/2024 | 35 | ENTRY of Appearance by Michael Thomas Raupp on behalf of All Defendants (Raupp, Michael) (Entered: 07/22/2024) |
| 07/22/2024 | 36 | ENTRY of Appearance by Daniel Solomon on behalf of All Defendants (Solomon, Daniel) (Entered: 07/22/2024) |
| 07/25/2024 | 37 | ENTRY of Appearance by Megan E Lambert on behalf of American Civil Liberties Union of Oklahoma Foundation, Lawyers Committee for Civil Rights (Lambert, Megan) (Entered: 07/25/2024) |
| 07/25/2024 | 38 | ENTRY of Appearance by Adam Hines on behalf of American Civil Liberties Union of Oklahoma Foundation, Lawyers Committee for Civil Rights (Hines, Adam) (Entered: 07/25/2024) |
| 07/25/2024 | 39 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 100, receipt number BOKWDC−4482999 by American Civil Liberties Union of Oklahoma Foundation, Lawyers Committee for Civil Rights. (Attachments: # 1 Attachment 1 − PHV Request)(Lambert, Megan) (Entered: 07/25/2024) |
| 07/25/2024 | 40 | MOTION for Leave to Appear Pro Hac Vice Filing fee $ 100, receipt number AOKWDC−4483049 by American Civil Liberties Union of Oklahoma Foundation, Lawyers Committee for Civil Rights. (Attachments: # 1 Attachment 1 − PHV Request)(Lambert, Megan) (Entered: 07/25/2024) |
| 07/25/2024 | 41 | MOTION for Leave *to File a Brief as Amicus Curiae* by American Civil Liberties Union of Oklahoma Foundation, Lawyers Committee for Civil Rights. (Attachments: # 1 Attachment 1 − Amicus Brief)(Lambert, Megan) (Entered: 07/25/2024) |

| | | |
|---|---|---|
| 08/05/2024 | 42 | AMENDED COMPLAINT against All Defendants filed by All Plaintiffs.(Haynie, Ryan) (Entered: 08/05/2024) |
| 08/08/2024 | 43 | ORDER granting 39 Motion for Admission Pro Hac Vice; Maya Brodziak is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Amici, provided Maya Brodziak becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 8/8/2024. (ks) (Entered: 08/08/2024) |
| 08/08/2024 | 44 | ORDER granting 40 Motion for Admission Pro Hac Vice; Chavis Jones is admitted to practice before this Court for the limited purpose of participating in this case on behalf of Amici, provided Chavis Jones becomes properly registered in the Court's Electronic Case Filing System and files an entry of appearance, consistent with LCvR 83.4. Signed by Judge Patrick R Wyrick on 8/8/2024. (ks) (Entered: 08/08/2024) |
| 08/08/2024 | 45 | ORDER granting 41 Amici's Partially Unopposed Motion of Civil Rights Amici for Leave to File Amici Curiae Brief in Support of Defendants' Motion to Dismiss, by August 15, 2024. Signed by Judge Patrick R Wyrick on 8/8/2024. (ks) (Entered: 08/08/2024) |
| 08/14/2024 | 46 | BRIEF IN SUPPORT re 19 MOTION to Dismiss *of Amici Curiae* by American Civil Liberties Union of Oklahoma Foundation, Lawyers Committee for Civil Rights. (Lambert, Megan) (Entered: 08/14/2024) |
| 08/15/2024 | 47 | ORDER finding as moot 19 defendants' Motion to Dismiss, as an Amended Motion to Dismiss 21 has now been filed. Signed by Judge Patrick R Wyrick on 8/15/2024. (ks) (Entered: 08/15/2024) |
| 08/16/2024 | 48 | ORDER finding as moot 21 Defendants' Amended Motion to Dismiss Plaintiff's Complaint, as plaintiff has filed a 42 First Amended Class Action Complaint. Signed by Judge Patrick R Wyrick on 8/16/2024. (ks) (Entered: 08/16/2024) |
| 08/19/2024 | 49 | STRICKEN per 59 Order − MOTION to Dismiss *Plaintiffs' First Amended Complaint* by All Defendants. (Burrage, Michael) Modified on 8/28/2025 (ekw). (Entered: 08/19/2024) |
| 08/19/2024 | 50 | STRICKEN per 59 Order − BRIEF IN SUPPORT re 49 MOTION to Dismiss *Plaintiffs' First Amended Complaint* by All Defendants. (Burrage, Michael) Modified on 8/28/2025 (ekw). (Entered: 08/19/2024) |
| 09/09/2024 | 51 | RESPONSE to Motion re 49 MOTION to Dismiss *Plaintiffs' First Amended Complaint* filed by All Plaintiffs. (Haynie, Ryan) (Entered: 09/09/2024) |
| 09/16/2024 | 52 | STRICKEN per 59 Order − REPLY to Response to Motion re 49 MOTION to Dismiss *Plaintiffs' First Amended Complaint* filed by All Defendants. (Burrage, Michael) Modified on 8/28/2025 (ekw). (Entered: 09/16/2024) |
| 11/12/2024 | 53 | NOTICE (other) by The University of Oklahoma, Joseph Harroz, Jr, Jeff Blahnik, Courtney Henderson, Dorion Billups re 50 Brief, 49 MOTION to Dismiss *Plaintiffs' First Amended Complaint*, 52 Reply to Response to Motion *of Supplemental Authority* (Attachments: # 1 Exhibit 1 − 5th Cir. No. 23−20481, # 2 Exhibit 2 − 696 F. Supp. 3d 272)(Burrage, Michael) (Entered: 11/12/2024) |
| 11/19/2024 | 54 | MOTION for Leave to File Reply *to Defendants' Notice of Supplemental Authority (Doc. 53)* by All Plaintiffs. (Attachments: # 1 Exhibit Plaintiff's Proposed Response to Defendants' Notice of Supplemental Authority)(Haynie, Ryan) (Entered: 11/19/2024) |

| | | |
|---|---|---|
| 01/24/2025 | 55 | MOTION to Withdraw as Attorney by All Plaintiffs. (Adkisson, Samuel) (Entered: 01/24/2025) |
| 02/14/2025 | 56 | ORDER granting 55 Motion to Withdraw as Attorney. Attorney Samuel Dawson Adkisson terminated. Signed by Judge Patrick R Wyrick on 02/14/2025. (kb) (Entered: 02/14/2025) |
| 03/27/2025 | 57 | ORDER granting 54 Plaintiffs' Request for Leave to File a Response to Defendants' Notice of Supplemental Authority. Plaintiffs may file the response, attached as an exhibit to their Motion, on or before March 31, 2025. Signed by Judge Patrick R Wyrick on 3/27/2025. (ekw) (Entered: 03/27/2025) |
| 03/27/2025 | 58 | RESPONSE re 53 Notice (other), filed by All Plaintiffs. (Haynie, Ryan) (Entered: 03/27/2025) |
| 08/27/2025 | 59 | ORDER striking 49 Defendants' Motion to Dismiss, 50 Brief in Support, and 52 Reply, and orders Defendants to submit new filings that comply with the Local Rules' formatting requirements on or before September 5, 2025 (as more fully set out in the order). Signed by Judge Patrick R Wyrick on 8/27/2025. (ekw) (Entered: 08/27/2025) |
| 09/04/2025 | 60 | MOTION for Leave *to File Over−Sized Briefs or in the Alternative to File Shortened Briefs* by Dorion Billups, Jeff Blahnik, Joseph Harroz, Jr, Courtney Henderson, The University of Oklahoma. (Burrage, Michael) (Entered: 09/04/2025) |
| 09/05/2025 | 61 | ORDER granting 60 Defendants' Motion for Leave to File Over−Sized Briefs or in the Alternative to File Shortened Briefs. Defendants may file their oversized briefs on or before September 12, 2025. Signed by Judge Patrick R Wyrick on 9/5/2025. (ekw) (Entered: 09/05/2025) |
| 09/05/2025 | 62 | MOTION to Dismiss *Plaintiffs' First Amended Complaint* by Dorion Billups, Jeff Blahnik, Joseph Harroz, Jr, Courtney Henderson, The University of Oklahoma. (Burrage, Michael) (Entered: 09/05/2025) |
| 09/05/2025 | 63 | BRIEF IN SUPPORT re 62 MOTION to Dismiss *Plaintiffs' First Amended Complaint* by Dorion Billups, Jeff Blahnik, Joseph Harroz, Jr, Courtney Henderson, The University of Oklahoma. (Burrage, Michael) (Entered: 09/05/2025) |
| 09/05/2025 | 64 | REPLY to Response to Motion re 62 MOTION to Dismiss *Plaintiffs' First Amended Complaint* filed by Dorion Billups, Jeff Blahnik, Joseph Harroz, Jr, Courtney Henderson, The University of Oklahoma. (Burrage, Michael) (Entered: 09/05/2025) |
| 09/09/2025 | 65 | MOTION for Leave *to amend their Brief in Opposition to Defendants' Motion to Dismiss* by All Plaintiffs. (Attachments: # 1 Exhibit Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss)(Haynie, Ryan) (Entered: 09/09/2025) |
| 09/09/2025 | 66 | ORDER granting 65 Plaintiffs' Motion for Leave to Amend Their Brief in Opposition to Defendants' Motion to Dismiss. Plaintiffs may file their updated Response on or before September 16, 2025. Signed by Judge Patrick R Wyrick on 9/9/2025. (ekw) (Entered: 09/09/2025) |
| 09/09/2025 | 67 | RESPONSE in Opposition re 62 MOTION to Dismiss *Plaintiffs' First Amended Complaint* filed by All Plaintiffs. (Haynie, Ryan) (Entered: 09/09/2025) |
| 09/25/2026 | 68 | ORDER denying 62 Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (as more fully set out in the order). Signed by Judge Patrick R Wyrick on 9/25/2026. (ekw) (Entered: 09/25/2026) |

| | | |
|---|---|---|
| 10/01/2026 | 69 | MOTION for Extension of Time *For Defendants to File Their Answer to Plaintiffs' First Amended Complaint* by All Defendants. (Burrage, Michael) (Entered: 10/01/2026) |
| 10/02/2026 | 70 | ORDER granting 69 Defendants' Unopposed Motion for Extension of Time for Defendants to File Their Answer to Plaintiffs' First Amended Complaint. Defendants may answer the First Amended Complaint on or before October 23, 2026. Signed by Judge Patrick R Wyrick on 10/2/2026. (ekw) (Entered: 10/02/2026) |
| 10/23/2026 | 71 | ANSWER to 42 Amended Complaint by All Defendants.(Burrage, Michael) (Entered: 10/23/2026) |
| 10/23/2026 | 72 | NOTICE OF APPEAL as to 68 Order on Motion to Dismiss by All Defendants. (Burrage, Michael) (Entered: 10/23/2026) |
| 10/26/2026 | 73 | USCA Appeal Fee received in the amount of $ 605, receipt number 500021054, re 72 Notice of Appeal filed by Jeff Blahnik, The University of Oklahoma, Dorion Billups, Courtney Henderson, Joseph Harroz, Jr. (jsg) (Entered: 10/26/2026) |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRAYDEN JOHNSON, LOGAN RHINES, and KAYLA SAVAGE, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNIVERSITY OF OKLAHOMA, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-24-495-PRW |

**ORDER**

Before the Court are Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 62) and Brief in Support (Dkt. 63), Plaintiffs' Brief in Opposition to Defendants' Motion to Dismiss First Amended Complaint (Dkt. 67), and Defendants' Reply (Dkt. 64), as well as an amicus brief filed by the American Civil Liberties Union of Oklahoma Foundation and Lawyers' Committee for Civil Rights (Dkt. 46).[1]

***Background***

This case arises from alleged racial discrimination in financial aid decisions at the University of Oklahoma ("OU"). At the time of filing, Plaintiffs Brayden Johnson, Logan Rhines, and Kayla Savage were all white students at OU. Each alleges that he or she applied for scholarships from OU. Johnson and Rhines received some financial aid, while Savage received none. Each Plaintiff alleges that OU's use of racial preferences caused him or her

[1] The Amicus Brief was filed prior to the amendment of Plaintiffs' Complaint.

to receive less financial aid than he or she would have received under a race-neutral process.

Plaintiffs allege that OU considers students for financial aid and scholarships through the Common Application, OU Application, or Apply Coalition with Scoir, each of which permits applicants to identify their race. OU also considers information submitted through the "Free Application for Federal Student Aid" ("FAFSA"). According to Plaintiffs, these general applications are the primary means through which OU awards financial aid. Each Plaintiff alleges that he or she applied for scholarships and identified himself or herself as white and non-Hispanic in the application.[2]

Plaintiffs allege that OU awards financial aid, at least partly, on the basis of race. To support their claim, Plaintiffs state that a "statistical analysis of publicly available data provides . . . evidence that the University of Oklahoma considers race when awarding aid to its students."[3] This statistical analysis takes into consideration "published enrollment data, and the financial-aid data that the University reported to the Department of Education for academic years 2002–2003 through 2021–2022[.]"[4] Plaintiffs allege that the analysis shows that "as the number of Black/Hispanic students increases, the average net cost of attendance price decreases."[5] In turn, "as the number of White/Asian students increases,

---

[2] Am. Compl. (Dkt. 42), ¶¶ 37–39, 51–65.

[3] *Id.* ¶ 41.

[4] *Id.* ¶ 42.

[5] *Id.*

the average net cost of attendance price increases."[6] Plaintiffs characterize these results as "statistically significant,"[7] and "consistent with discrimination stemming from affirmative action policies in university grants that benefit some favored racial groups (in this case, Black/Hispanic students) and harm other disfavored groups (in this case, non-Black/non-Hispanic students)."[8]

Separately, Savage alleges that an employee in OU's Office of Admissions told her that financial aid would have been available to her if she were African American.[9]

Plaintiffs, individually and on behalf of all others similarly situated, brought suit. Count I of their Amended Complaint asserts a claim under 42 U.S.C. § 1983 against Joseph Harroz, Jr. (President of the University), Jeff Blahnik (Vice President of the Division of Enrollment Management and Chief Enrollment Officer), Courtney Henderson (Executive Director of Financial Aid Services), and Dorion Billups (Director of Connection and Student Engagement) in their official capacities for alleged violations of the Fourteenth Amendment's Equal Protection Clause. Count II asserts a claim against OU under Title VI of the Civil Rights Act of 1964.

As relief, Plaintiffs seek compensatory damages under Title VI, attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and a declaration that the University's financial-aid

---

[6] *Id.*

[7] *Id.*

[8] *Id.* ¶ 43.

[9] *Id.* ¶ 40.

practices violate the Fourteenth Amendment and Title VI. Defendants now move to dismiss Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## I. Article III Standing.

### *Legal Standard*

Article III of the Constitution limits the power of the federal courts to hear only cases or controversies. This limitation ensures that a federal court only acts when the dispute before it is "real, earnest, and vital."[10] This has long been interpreted to mean that in order to bring a case or controversy in federal court, a plaintiff must establish that he or she has standing. Standing requires a demonstration that the plaintiff has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."[11] A plaintiff must establish standing for each claim and each form of relief sought.[12]

Defendants' standing challenge is facial: it contests the sufficiency of the jurisdictional allegations rather than introducing evidence disputing them. The Court therefore accepts the well-pleaded factual allegations as true in determining whether Plaintiffs sufficiently allege standing.[13]

---

[10] *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 199 (2023) (citing *Muskrat v. United States*, 219 U.S. 346, 351, 359 (1911) (internal quotation marks omitted).

[11] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citations omitted).

[12] *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).

[13] *Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022).

***Analysis***

*Injury in fact.* Plaintiffs allege that OU's use of race in considering their financial-aid applications caused them to receive less aid than they otherwise would have received. For the reasons explained below, the Court concludes that the supporting factual allegations permit an inference of personal financial loss attributable to the challenged decision-making. Compensatory damages could redress that alleged loss. Whether Plaintiffs also have standing to seek declaratory relief requires a separate inquiry.

Defendants argue that Plaintiffs allege only injuries from completed financial-aid decisions and that the historical statistical analysis does not support an inference of ongoing discrimination. It is true that plaintiffs who suffer a constitutional violation "cannot maintain a declaratory or injunctive action unless [they] can demonstrate a good chance of being likewise injured in the future."[14] The prospective relief inquiry thus requires more than an allegation of past discrimination. The Court must determine which named Plaintiffs, if any, plausibly allege continuing or sufficiently imminent exposure to the challenged financial-aid practices. The alleged continuation of a university policy and a Plaintiff's future exposure to that policy are related but distinct questions.

Here, Plaintiffs allege that they are enrolled at OU, that they lack sufficient resources to pay for their education, that they have applied for financial aid, and that OU

[14] *Facio v. Jones,* 929 F.2d 541, 544 (10th Cir. 1991).

continues to employ the challenged financial-aid practices.[15] They further allege that class members "are being denied" and "will be denied" aid on the basis of race, and specifically allege that OU's conduct continues to deprive the named Plaintiffs of equal treatment.[16] Johnson's and Rhines's existing awards are expressed in annual and semester amounts, respectively.[17] Those award amounts do not themselves establish recurring reconsideration, and the Amended Complaint does not identify a particular upcoming application or aid determination. Nevertheless, read together, the allegations support an inference that Plaintiffs remain participants in the challenged financial-aid process, rather than merely experiencing continuing financial consequences of completed decisions. On that reading, the Court concludes that Plaintiffs sufficiently allege continuing personal exposure to the challenged practices.

Following the close of briefing, Defendants filed a Notice of Supplemental Authority, informing the Court of a Fifth Circuit decision, *Lowery v. Texas A&M University*.[18] *Lowery* affirmed dismissal where the plaintiff had not applied for a faculty position and had not adequately supported his asserted readiness to apply or his contention that applying would be futile. Unlike *Lowery*, each Plaintiff here alleges an actual scholarship application. *Lowery* therefore does not establish that the absence of individual

[15] Am. Compl. (Dkt. 42), ¶¶ 2, 11–13, 35, 51–65, 94.

[16] *Id.* ¶¶ 71, 94.

[17] *Id.* ¶¶ 53, 58.

[18] No. 23-20481, 2024 WL 4614714 (5th Cir. Oct. 30, 2024) (per curiam) (unpublished).

scholarship names requires dismissal. Whether Plaintiffs sufficiently connect their applications to the challenged practices, and whether they face continuing exposure to those practices, remain separate questions addressed in this Order.

*Traceability and Redressability.* Plaintiffs attribute their alleged losses to OU's use of race in considering their applications for financial aid. The allegations concerning the general application process and the statement made to Savage provide the asserted connection between their individual applications and the challenged conduct. Defendants argue that aid administered under federal, state, or third-party criteria could explain the alleged statistical relationship. That possibility limits the inference available from the statistics, but it does not eliminate the separately pleaded allegation that OU's own decision-making disadvantaged Plaintiffs. A compensatory award could redress a resulting financial loss. On the Court's reading of the allegations as describing continuing participation in the challenged process, a declaration that the practices are unlawful would likely redress Plaintiffs' continuing exposure to unequal treatment in that process.

## II. Sovereign Immunity

### A. OU

OU's status as an "arm of the State" does not bar the Title VI claim. The Amended Complaint alleges that OU receives federal financial assistance. Under 42 U.S.C. § 2000d-7(a)(1), a State is not immune under the Eleventh Amendment from suit in federal court for a violation of Title VI, and subsection (a)(2) addresses remedies both at law and in

equity. Section 2000d-7 therefore does not preserve Eleventh Amendment immunity for either form of relief requested under Count II.

**B. Individual Defendants**

The official-capacity equal-protection claim requires a separate analysis under *Ex parte Young*, which applies only to claims alleging an ongoing violation of federal law and seeking relief properly characterized as prospective.[19] Count I may proceed under that exception only insofar as those requirements are satisfied; a request merely to declare completed violations does not suffice.

The Amended Complaint adequately identifies responsibilities connecting each individual defendant to the challenged financial-aid practices. Harroz allegedly bears ultimate responsibility for OU's financial-aid program; Blahnik oversees the financial-aid department; Henderson operates the program; and Billups participates in efforts to promote racial diversity through allegedly race-conscious financial-aid decisions.[20] These alleged program-specific responsibilities connect each official to the administration of the challenged practices, rather than merely identifying the official's title or employment by OU. As explained above, the Court construes the requested declaration as addressing the allegedly continuing application of those practices to Plaintiffs, rather than merely determining the legality of completed award decisions.

---

[19] *Ex parte Young*, 209 U.S. 123 (1908); *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1214–15 (10th Cir. 2019).

[20] Am. Compl. (Dkt. 42), ¶¶ 15–18.

## III. Sufficiency of the Claims.

### *Legal Standard*

*12(b)(6).* In reviewing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[21] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[22] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[23] While factual allegations are taken as true, a court need not accept mere legal conclusions.[24] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[25]

*Equal Protection and Title VI.* The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws."[26] At its core, the Equal Protection Clause's purpose is "do[ing] away with all governmentally imposed discrimination based on race,"[27] and it is universal in its application.[28]

---

[21] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[22] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[23] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[24] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[25] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

[26] U.S. CONST. amend. XIV, § 1.

[27] *Palmore v. Sidoti*, 466 U.S. 429, 432 (1984).

[28] *Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886).

Title VI states that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."[29] Similar to the Equal Protection Clause, Title VI "prohibits only intentional discrimination."[30] As "discrimination that violates the Equal Protection Clause of the Fourteenth Amendment committed by an institution that accepts federal funds also constitutes a violation of Title VI,"[31] the Title VI claim is evaluated under the standards of the Equal Protection Clause.[32]

Thus, to state a viable equal protection claim, plaintiffs are required to plausibly allege state action that "intentionally discriminates between groups of persons."[33] Further, plaintiffs must also plausibly allege that the intentionally discriminatory action had a discriminatory effect on them.[34]

---

[29] 42 U.S.C. § 2000d.

[30] *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001); *see Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.,* 429 U.S. 252, 265 (1977) ("Proof of racially discriminatory intent or purpose is required to show a violation of the Equal Protection Clause.").

[31] *Gratz v. Bollinger*, 539 U.S. 244, 276 n.23 (2003).

[32] *See Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, 600 U.S. 181, 198 n.2 (2023).

[33] *SECSYS, LLC v. Vigil*, 666 F.3d 678, 685 (10th Cir. 2012) (citations omitted); *McCleskey v. Kemp*, 481 U.S. 279, 292 (1987) ("[A] defendant who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.'" (quoting *Whitus v. Georgia,* 385 U.S. 545, 550 (1967)); *see Washington v. Davis*, 426 U.S. 229, 238–40 (1976) (holding that a discriminatory intent or purpose is required).

[34] *McCleskey*, 481 U.S. at 292 (citing *Wayte v. United States,* 470 U.S. 598, 608 (1985)).

Discriminatory intent can be shown through direct evidence, such as facially discriminatory action.[35] But more often, discriminatory intent can be inferred from circumstantial evidence, such as differential treatment from "similarly situated persons who are 'alike in all relevant respects.'"[36] "Disproportionate impact," though "not irrelevant," is insufficient on its own to "trigger the rule . . . that racial classifications are to be subjected to the strictest scrutiny and are justifiable only by the weightiest of considerations."[37]

### *Analysis*

Plaintiffs' allegations of unconstitutional racial discrimination rest on inferences drawn from statistical information plus a statement supporting an inference of race-based financial-aid decision-making. The Court finds that this foundation supports viable claims for violations of the Equal Protection Clause and Title VI.

Defendants argue that Plaintiffs haven't adequately alleged differential treatment. To be sure, the statistical allegations have limited explanatory force as pleaded. The Amended Complaint describes an analysis at the university-year level associating changes in enrollment composition with changes in average net price.[38] It does not describe a

---

[35] *Dalton v. Reynolds,* 2 F.4th 1300, 1308 (10th Cir. 2021) (quoting *SECSYS, LLC*, 666 F.3d at 685).

[36] *Ashaheed v. Currington*, 7 F.4th 1236, 1250 (10th Cir. 2021) (internal citations omitted); *Washington v. Davis*, 426 U.S. at 242.

[37] *Washington v. Davis*, 426 U.S. at 242 (internal citation omitted).

[38] Am. Compl. (Dkt. 42), ¶¶ 42–44.

comparison of individual aid awards to otherwise comparable students of different races, nor does it disclose the magnitude of the alleged association. The alleged aggregate relationship therefore does not itself identify discriminatory treatment of any named Plaintiff. At the same time, the Court need not determine on this motion whether Plaintiffs' financial-resources proxy is methodologically adequate. The Court considers the statistical allegations as contextual support and evaluates the Amended Complaint as a whole, including the alleged application process and the statement made to Savage.

Defendants next argue that Plaintiffs failed to plead facts alleging discriminatory intent. "Statistical evidence alone is rarely enough to show discriminatory purpose."[39] But Plaintiffs argue that they have alleged facts demonstrating both direct evidence of discriminatory intent and circumstances supporting an inference of discriminatory intent.

The principal allegation supporting discriminatory intent is the statement made to Savage. Plaintiffs allege that "[a]n official from the University of Oklahoma's Office of Admissions told Plaintiff Savage that financial aid was generally not available to students like her—but would have been if she were African American."[40] Defendants question the speaker's decision-making authority and characterize the statement as an isolated comment.[41] But the alleged content of the comment links race to aid eligibility, and its alleged context connects it to Savage's effort to obtain aid. Considered with the other

---

[39] *Blackwell v. Strain*, 496 F. App'x 836, 840 (10th Cir. 2012).

[40] Am. Compl. (Dkt. 42), ¶ 40.

[41] Defs.' Br. (Dkt. 63), at 22.

allegations, the statement supports a reasonable inference of intentional race-based treatment. The Court does not find that the statement proves a university policy; the speaker's identity, responsibilities, and basis of knowledge remain matters for factual development. Plaintiffs' theory therefore does not depend solely on comparing aggregate awards to students with potentially different financial circumstances. The alleged statement describes race itself as affecting Savage's eligibility for aid. Taken in context and accepted as alleged, it supports an inference of differential treatment based on race.

Johnson and Rhines do not allege that an OU official made a comparable statement directly to them. Their claims instead depend on the inference that the statement made to Savage described a practice extending beyond her individual application. The Complaint alleges a general application process for financial aid, alleges that both Johnson and Rhines applied and identified their race, and describes the official's statement in general terms concerning the availability of aid.[42] Reading those allegations together, the Court concludes that the alleged practice plausibly encompassed their applications as well. Their receipt of some scholarships does not itself foreclose the allegation that race disadvantaged their consideration for additional aid. The Court does not infer a common discriminatory practice merely from the existence of common application forms; the inference rests on those allegations together with the allegedly general description of aid availability in the statement made to Savage.

[42] Am. Compl. (Dkt. 42), ¶¶ 37–40, 51–59.

Defendants also emphasize that Plaintiffs have not identified the particular scholarships allegedly awarded on the basis of race. But the Amended Complaint alleges that OU considers students for financial aid through general applications and that each Plaintiff applied for scholarships and disclosed his or her race.[43] The existence of distinct awards with different eligibility criteria does not negate the alleged use of a common application process. Read together with the statement allegedly made to Savage, these allegations permit an inference that race affected consideration for aid through that process. On these allegations, the absence of individual scholarship names does not require dismissal.

### ***Conclusion***

For the reasons stated above, Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 62) is **DENIED**. Count I may proceed against the individual defendants in their official capacities insofar as it seeks prospective declaratory relief concerning the allegedly ongoing financial-aid practices. Count II may proceed against the University of Oklahoma for compensatory damages and prospective declaratory relief under Title VI.

Plaintiffs do not assert a claim for damages against the individual defendants. The Court therefore does not adjudicate such a claim. This Order determines only the

---

[43] Am. Compl. (Dkt. 42), ¶¶ 37–39, 51–65.

sufficiency of the allegations and does not establish discriminatory conduct, entitlement to damages, or the propriety of class certification.

**IT IS SO ORDERED** this 25th day of September 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| BRAYDEN JOHNSON, LOGAN RHINES, and KAYLA SAVAGE, individually, and on behalf of all others similarly situated, | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | Case No. 5:24-cv-00495-PRW |
| THE UNIVERSITY OF OKLAHOMA, ET AL. | ) | |
| *Defendants*. | ) | |

**NOTICE OF APPEAL**

Pursuant to Federal Rule of Appellate Procedure 3(a)(1), notice is hereby given that Defendants the University of Oklahoma; Joseph Harroz, Jr.; Jeff Blahnik; Courtney Henderson; and Dorion Billups hereby appeal to the United States Court of Appeals for the Tenth Circuit from the District Court's Order [Doc. 68] entered in this action on September 25, 2026. Specifically, the official-capacity individual defendants appeal the denial of Eleventh Amendment immunity, *Williams v. Utah Dep't of Corrs.*, 928 F.3d 1209, 1212 (10th Cir. 2019), and the appeal includes all predicate and/or inextricably intertwined issues and parties. *See Timpanogos Tribe v. Conway*, 286 F.3d 1195, 1200 (10th Cir. 2002); *Moore v. City of Wynnewood*, 57 F.3d 924 (10th Cir. 1995).

Date: October 23, 2026

Respectfully submitted,

Armand Paliotta, OBA #15320
**UNIVERSITY OF OKLAHOMA**
Office of Legal Counsel
660 Parrington Oval, Suite 213
Norman, Oklahoma 73019
Telephone: (405) 325-4124
Facsimile: (405) 325-7681
apaliotta@ou.edu

*University General Counsel*

*/s/ Michael Burrage*
Michael Burrage, OBA No. 1350
Patricia A. Sawyer, OBA No. 30712
**WHITTEN BURRAGE LAW FIRM**
512 North Broadway Avenue, Ste 300
Oklahoma City, OK 73102
Telephone (405) 516-7800
Facsimile (405) 516-7859
mburrage@whittenburragelaw.com
psawyer@whittenburragelaw.com

Hayley E. Hanson, *admitted PHV*
Derek Teeter, *admitted PHV*
Michael T. Raupp, *admitted PHV*
**HUSCH BLACKWELL LLP**
4801 Main, Suite 1000
Kansas City, MO 64112
T (816) 983-8000
F (816) 983-8080
hayley.hanson@huschblackwell.com
derek.teeter@huschblackwell.com
michael.raupp@huschblackwell.com

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that, on October 23, 2026, I filed a copy of the foregoing with the Court using the ECF system, which sent electronic notification to all counsel of record.

*/s/ Michael Burrage*
Michael Burrage, OBA No. 1350
*Attorney for Defendants*